# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| DAVID MURPHY,<br><br>    Plaintiff,<br><br>v.<br><br>ARMSTER BRUNER, JR., individually, MATT SWABEY, individually and in his official capacity as Deputy Sheriff of Mercer County, Kentucky, and ERNIE KELTY, JR., individually and in his official capacity as Sheriff of Mercer County, Kentucky<br><br>    Defendants. | CIVIL NO. 5:17-CV-376-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion to Dismiss (DE 9) filed by Defendants Matt Swabey, and Ernie Kelty, Jr., individually and in their official capacity as Deputy Sheriff and Sheriff of Mercer County, Kentucky, respectively, and a Motion for Judgment on the Pleadings (DE 11) filed by Defendant Armster Bruner Jr. For the reasons set forth below, these motions are granted. Plaintiff's claims for malicious prosecution and abuse of criminal process and claims against Defendants Swabey and Kelty in their official capacity are dismissed.

## I. Background

The following facts are taken from Plaintiff's Complaint and accepted as true for the purpose of deciding Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings. Armster Bruner and David Murphy entered into an oral contract in April 2016 in which Murphy agreed to provide repairs to Bruner's 1969 Pontiac GTO Judge and 2005

1

American Hauler trailer. Murphy was also to use the trailer to haul the Pontiac GTO Judge to his various workshops. (Compl. ¶ 11, DE 1.) Bruner, however, failed to pay the $14,486.64 he owed for these repairs. (Compl. ¶ 12.) Murphy proceeded to file statement of Mechanic's lien/Garagemen's lien in the office of the Lincoln County Court Clerk in the amount of $11,000 on the Pontiac GTO Judge and $7,000 on the American Hauler trailer. (Compl. ¶¶ 13–14.)

Shortly thereafter, Bruner reported to the Jessamine County Sheriff, Kevin Corman, that Murphy was wrongfully withholding his Pontiac GTO Judge and American Hauler trailer. (Compl. ¶ 15.) Sheriff Corman, in the presence of Bruner, phoned Murphy and demanded that he bring the vehicles to Jessamine County or be arrested. Murphy informed Sheriff Corman that a Mechanic's/Garagemen's lien were being lodged against the vehicles. (Compl. ¶ 16.) Sheriff Corman proceeded to contact Ernie Kelty, Jr., Mercy County Sheriff, and requested that Mercer County open an investigation into Murphy and the vehicles because they were physically located in Mercer County. (Compl. ¶ 17.) Sheriff Kelty assigned Deputy Sheriff Matt Swabey to the investigation. (Compl. ¶ 18.)

Deputy Swabey received information that the vehicles were located at Murphy's residence on Woodstock Drive in Danville, Kentucky. Sheriff Kelty and Deputy Swabey traveled to the residence, and observed a black trailer—Bruner's American Hauler—behind a locked gate on the property. (Compl. 19.) Without a warrant or permission from Murphy, Sheriff Kelty and Deputy Swabey climbed over the fence and seized the trailer. (Compl. ¶¶ 20–21.) Sheriff Kelty and Deputy Swabey forced open the trailer, inventoried its content, and moved it to the Mercer County Sheriff's office parking lot. (Compl. ¶ 23.) The trailer included contents which did not belong to Bruner, including a 2011 Camaro, a pressure washer, and tools. (Compl. ¶ 24.) That same day, Deputy Swabey went to Murphy's shop on South Danville Bypass with Deputy Sheriffs from Boyle County. The Deputies broke into the shop using a sledge hammer,

seized firearms belonging to Murphy and damaged his property. (Compl. ¶ 25.) The Deputies left the premises unlocked, resulting in items from the shop being stolen by unknown third parties. (Compl. ¶ 27.)

The next day, Deputy Swabey spoke with Heather Sanders and threatened to bring criminal charges against her if she did not inform him of the location of the Pontiac GTO. Sanders informed him the vehicle was located at an address on Hugeuly Lane, and Deputy Swabey proceeded to seize the vehicle. (Compl. ¶ 29.)

Murphy asserts five claims in this action. First, he asserts a claim for malicious prosecution and abuse of criminal process by Bruner based on false statements and omissions which created the pretext for the criminal investigation against him. (Count I, Compl. ¶¶ 30–31.) Second, he claims that Sheriff Kelty and Deputy Swabey engaged in malicious prosecution and abuse of criminal process, in violation of 42 U.S.C. § 1983,[1] for unlawfully entering his residence and shop and seizing his property. (Count II, Compl. ¶¶ 32–35.) Count III and Count IV allege that the search of Murphy's property by Sheriff Kelty and Deputy Swabey were unlawful under federal and state law, respectively. (Compl. ¶¶ 36–43.) Finally, Count V alleges that Sheriff Kelty and Deputy Swabey engaged in extreme and outrageous conduct that caused Murphy severe emotional distress. (Compl. ¶¶ 44–45.)

Sheriff Kelty and Deputy Swabey (the "Mercer County Defendants") have moved to dismiss Murphy's claims made against them in their official capacity and Count II for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (DE 9.) Bruner has moved for a judgment on the pleadings for failure to state a claim pursuant to Fed. R. Civ. P. 12(c). (DE 11.) Plaintiff

---

[1] In his Complaint, Murphy refers to his federal claims as arising under 28 U.S.C. § 1983. The Court assumes that the Plaintiff intended to refer to 42 U.S.C. § 1983, which provides a cause of action against "[e]very person who, under color of [law] . . . subjects, or causes to be subjected, any citizen . . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

filed a response to both motions (DE 13, 14) and Sheriff Kelty and Deputy Swabey filed a reply (DE 15). This matter is now ripe for review.

**II. Standard of Review**

A party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12(c). The standard of review for a Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted are the same. *See Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). For the purposes of either motion, the well-pleaded allegations of the complaint must be taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007); *see also Gavitt v. Born* 835 F.3d 623, 640 (6th Cir. 2016).

To survive a Rule 12(c) or Rule 12(b)(6) motion, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 722 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "A legal conclusion couched as a factual allegation," however, "need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Id.* (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)).

**III. Analysis**

Before turning to the merits of Defendants' motions, the Court will first address the Plaintiff's "Supplement to Response," which addressed the Mercer County Defendants motion to dismiss (DE 16). The Supplement to Response contains additional factual allegations regarding a meeting between Murphy and a Deputy Mercer County Sheriff that was not discussed in the Complaint. The Mercer County Defendants have filed an objection seeking to have the supplemental response stricken from the record as an impermissible sur-reply

not authorized by L.R. 7.1 and because it invokes facts not alleged in the complaint. *See Ludwig v. Ky. Dep't of Military Affairs*, No. 13-174-GFVT, 2015 WL 351863, at *3 (E.D. Ky. Jan. 23, 2015) ("The facts in the Complaint—and not the extraneous ones in [plaintiff's] Response brief—are the focus of a 12(b)(6) inquiry."). The Court finds that facts not alleged in the complaint should not be considered in the context of the pending motion. Accordingly, the Clerk will be directed to strike the document from the record.

   A. *Mercer County Defendants Motion to Dismiss*

The Mercer County Defendants seek dismissal of all of Plaintiff's claims made against them in their official capacity and Count II of Plaintiff's Complaint alleging malicious prosecution and abuse of process.

   1. *The Motion is not for Summary Judgment*

Murphy argues that the Mercer County's Motion to Dismiss is a premature motion for summary judgment. A Rule 12(b)(6) motion is converted to a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). The Mercer County Defendants, however, have not presented any matters outside the pleading. Their motion argues only that Plaintiff's Complaint is insufficient, and it is therefore a proper motion under Rule 12(b)(6). Murphy's claim that discovery has not started and the parties have yet to file their joint report is inapposite. It is the fact that this litigation is at such an early stage that makes the motion to dismiss proper. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Thus, the Court will consider the Mercer County Defendants' motion as styled—a motion to dismiss.

   2. *Official-Capacity Claims*

Murphy asserts both federal and state law claims against the Mercer County Defendants in their official capacity as Sheriff and Deputy Sheriff of Mercer County. Specifically, Count

II and III assert federal claims pursuant to 42 U.S.C. § 1983 for malicious prosecution, abuse of criminal process, and "unlawful search invasion of privacy." Count IV and Count V consist of state law claims for unlawful search, invasion of privacy, and outrageous conduct. All of these claims must be dismissed against Mercer County Defendants in their official capacity.

   a. *Federal Claims*

A § 1983 claim against a county official in his official capacity is properly treated as a claim against the county itself. *See Laubis v. Witt*, 597 F. App'x 827, 832 (6th Cir. 2015) ("The district court correctly held that the official capacity suit against [a county sheriff] should be treated as a claim against the county itself." (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)). Section 1983 claims are only permitted against local governments in certain limited circumstances. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). To succeed on a § 1983 claim against a local government, the plaintiff "must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 691). Examples of official municipal policies are "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

Murphy has failed to allege that his rights were violated as a result of an official policy of Mercer County. The Complaint is wholly devoid of any reference to any Mercer County policies. Accordingly, dismissal of Plaintiff's federal claims against the Mercer County Defendants in their official capacity is warranted.

   b. *State Claims*

Under Kentucky law, public officials sued in their official capacity "are cloaked with the same immunity as the government or agency he/she represents." *Schwindel v. Meade Cty.*,

113 S.W.3d 159, 169 (Ky. 2003) (citing *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001)). Absent a legislative waiver, counties in Kentucky enjoy sovereign immunity. *Id.* at 163. Murphy has not identified, nor is the Court aware, of any waiver of county sovereign immunity with respect to his claims. Accordingly, Murphy's state law claims against the Mercer County Defendants in their official capacity are barred by sovereign immunity.

   3. *Malicious Prosecution and Abuse of Criminal Process*

Murphy asserts his claims malicious prosecution and abuse of criminal process against the Mercer County Defendants under federal law. Murphy's claim for abuse of process clearly fails, as the Sixth Circuit "has consistently declined to recognize an abuse-of-process claim under 42 U.S.C. § 1983." *Moore v. WesBanco Bank, Inc.*, 612 F. App'x 816, 823 (6th Cir. 2015) (citing *Rapp v. Dutcher*, 557 Fed.Appx. 444, 448 (6th Cir. 2014)). Murphy does not claim, in either his Complaint or his response, that he intends to assert this claim under state law. Therefore, Murphy has failed to state a claim for abuse of process against the Mercer County Defendants.

A malicious prosecution claim is cognizable under § 1983. *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) ("The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'") (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006)). To succeed on such a claim, the plaintiff must establish that: (1) "a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute;" (2) "there was a lack of probable cause for the criminal prosecution;" (3) "as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure;" and (4) "the criminal proceeding

7

must have been resolved in the plaintiff's favor." *Id.* at 308–309 (internal quotation marks and citations omitted).

Murphy has failed to state a claim against the Mercer County Defendants because he has not alleged that a criminal prosecution was initiated against him or that a prosecution was resolved in his favor. As summarized in his response, all that is alleged against the Mercer County Defendants is that they "instituted a criminal investigation of David Murphy," "entered his residence, his garage, and seized his property, all without a warrant," and that the "criminal investigation was without probable cause." (DE 14.) Thus, this claim clearly fails.

*B. Bruner's Motion for Judgment on the Pleadings*

Murphy asserts two causes of action against Bruner, both of which are listed in Count I of the Complaint: malicious prosecution and abuse of criminal process. In order to succeed on a claim for malicious prosecution against a private person, a plaintiff must establish the following elements:

> 1) the defendant initiated, continued, or procured *a criminal or civil judicial proceeding*, or an administrative disciplinary proceeding against the plaintiff
>
> 2) the defendant acted without probable cause;
>
> 3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based;
>
> 4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and
>
> 5) the plaintiff suffered damages as a result of the proceeding.

*Martin v. O'Daniel*, 507 S.W.3d 1, 11–12 (Ky. 2016) (emphasis added). "An action for abuse of process is 'the irregular or wrongful employment of *a judicial proceeding*,' and has two essential elements: 1) an ulterior purpose, and 2) a willful act in the use of the process not

8

proper in the regular conduct of the proceeding." *Sprint Commc'ns Co., L.P. v. Leggett*, 307 S.W.3d 109, 114 (Ky. 2010) (emphasis added) (quoting *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998)).

Both of these claims against Bruner fail for the same reason: Murphy has not alleged that a judicial proceeding was employed, initiated, continued, or procured against him. All that Murphy has alleged is that Bruner procured a criminal *investigation* against him. That is insufficient. Murphy appears to argue that an investigation fulfills the elements of these claims because "procuring a criminal or civil judicial proceeding is synonymous with being the proximate and efficient cause of putting the law in motion against another person." *Martin*, 507 S.W.3d at 12 (internal quotation marks omitted). Accepting this argument, however, would require ignoring the clear language of the Supreme Court of Kentucky that a *judicial proceeding* be procured.[2] A criminal investigation is simply not a judicial proceeding and the law is not "put in motion" against a person until such a proceeding is commenced. Therefore Bruner is entitled to judgment on the pleadings in his favor on Count I of Plaintiff's Complaint. Because there are no remaining causes of action against Bruner, he will be dismissed from this matter.

## IV. Conclusion

For the reasons set forth above, the Court **HEREBY ORDERS**:

(1) the Clerk **SHALL STRIKE** Plaintiff's Supplement to Response (DE 16) from the record;

(2) Defendants Matt Swabey and Ernie Kelty's Motion to Dismiss (DE 9) is **GRANTED**;

---

[2] Moreover, the plaintiff in *Martin* was indicted by a grand jury and was acquitted following a jury trial. *Id.* at 4.

9

(3) Plaintiff's claims against Defendants Swabey and Kelty in their official capacity as Deputy Sheriff and Sheriff of Mercer County, Kentucky, respectively, and Count II of Plaintiff's Complaint are **DISMISSED**;

(4) Defendant Armster Bruner Jr.'s Motion for Judgment on the Pleadings (DE 11) is **GRANTED**;

(5) This action is **DISMISSED** against Defendant Bruner.

Dated May 25, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY